1    Your name: Amir Ashtiani

2    Address: 2626 Etna St. #A

3    Berkeley, CA 94704

4    Phone Number: (510) 228-7842

5    Fax Number: _____

6    E-mail Address: aashtians1@gmail.com

7    Pro Se  [Select one: Plaintiff or Defendant]

**FILED**

**JUN 30 2021**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

8    **UNITED STATES DISTRICT COURT**

9    **NORTHERN DISTRICT OF CALIFORNIA**

10    [Select one location: San Francisco / Oakland / San Jose / Eureka]

11

12    Amir Ashtiani      Case Number: 18-CV-00631-VC

13

14      Plaintiff(s),     Title of Document:

15      vs.     Pro-Se (Representing

16    Home Depot U.S.A., Inc.    myself)

17         Motion To Represent

18         myself

19

20

21      Defendant(s).

22

23    Dear Judge Chahbaria

24    My Previous attorney, David Kleczek, no

25    Longer communicate with me since 2020.

26    He signed The settlement Agreement without

27    my authorization or any communication verbally.

28    After I found out from Hon. Retired Judge

TITLE OF DOCUMENT: Pro-Se _____ CASE NO.: _____

PAGE NO. 1 OF 2 [JDC TEMPLATE]

1  John True that David Kleczek is not
2  an Honest and Trustworthy with his clients.
3  please see Attached Exhibits "A" &
4  "B"
5
6
7                          Sincerely yours
8                          Amir Ashtiani
9                          _Amir ashti___
10                         Date: 6/30/2021
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TITLE OF DOCUMENT:_____    CASE NO.:_____

PAGE NO. 2 OF 2   [JDC TEMPLATE]

Darius Shahrouzi, Esq.
901 W. Civic Center Dr. S# 200V
Santa Ana, CA 92703
Tel:(714)458-4885 Cell:(617)352-4064
dariuslawgroup@gmail.com

DARIUS

LAW

GROUP

Exhibit "A"

April 19, 2021

FEE DISPUTE

**VIA US MAIL & EMAIL**

David A. Kleczek

Kleczek Law Office
825 Washington St., Ste. 301
Oakland, CA 94607
Tel. 510-663-7100
Fax 510-663-7102

Re:  Amir Ashtiani (Your Former Client)

Dear Attorney David A. Kleczek,

Please be advised that I, Darius Shahrouzi represents Amir Ashtiani (your former client) Ashtiani, in a claim for a Fee Dispute against your Law Office regarding two legal matters in which you previously provided partial representation: *In Re: Amir Ashtiani v. Home Depot U.S.A., Inc.* and *Ashtiani V. Applied Material, et al.*

As I read the contracts you had Mr. Ashtiani signed for *Home Depot's* case  the fee agreement (see attached copy) on the condition that item (IV) of the fee agreement "above only be granted upon signed & notarized release agreement between Amir Ashtiani and opposing parties. You have never signed this retainer fee agreement and had never given him a copy with both your signature and the client's signatures along with a third-party signature as a witness.  It is stated that you had the right to sign on behalf of Mr. Ashtiani.  That was not an exclusive right and it should not have been used lightly. You recall that Mr. Ashtiani came to your office on March 5, 2019 to sign fee agreement with you in your present. He gave you one blank copy with his signature on it and after reading the contract again carefully in front of you, he noticed that he didn't want to agree with Item (IV) in the contract and Mr. Ashtiani asked you to sign the contract with the conditions to modify item (IV) and ask you to sign your part. You stated that you would sign and mail to him the original copy in the email, which you never did despite his repeated phone requests. Usually if the attorney failed to sign the fee agreement in front of client, then it should not be exercised.  I understand that you unilaterally signed the *Home Depot* Check without any discussion with Mr. Ashtiani and you did not even show the check to him or discuss with him that you had received such check.  All Mr. Ashtiani noticed from the check is that you had sent what you calculated as his share.  Mr. Ashtiani has deposited and holds that fund in a separate account as he is not happy with the way the case turned out and he wishes to continue with the trial.

Unfortunately, Mr. Ashtiani did not fully understand that a settlement (ultimately unsatisfactory to him) was reached.  He did not understand that his signature being notarized was a condition by *Home Depot* and it can be waived by *Home Depot*.  Furthermore, he was unaware that your office could notarize his signature regardless

Darius Shahrouzi, Esq.
901 W. Civic Center Dr. S# 200V
Santa Ana, CA 92703
Tel:(714)458-4885 Cell:(617)352-4064
dariuslawgroup@gmail.com

DARIUS

LAW

GROUP

of his knowledge. All along Mr. Ashtiani thought that you would handle the paper in the court (see Attachment 1) but that the written document still needed to be directly signed by Mr. Ashtiani before being notarized in order to be a valid document. I explained the situation to Mr. Ashtiani and unfortunately, he misunderstood all the above due to lack of any previous legal explanation.

Regarding the amount you sent Mr. Ashtiani for the *Home Depot* settlement, he had written you regarding what you could take for your fee. Kindly see Attachment 2 in which he clearly stated your fee as agreed 30%, calculated as the amount you asked for yourself subtracted from the $600K Award. Please be advised that you must keep this amount in the *IALTA account as a disputed amount until it goes through a process I'm sure you are familiar with (at least I hope you are) before you access that disputed fund. The alternative is to-pay Mr. Ashtiani what he is requesting.

[*Fee Dispute: Attorney must withhold the disputed portion in the client account until resolution of the claim.]

In the case of *Applied Material*, the situation with the fee is the same as described above and it is a similar pattern to that of *Home Depot's* case. Mr. Ashtiani had asked you to continue with the lawsuit as the Mediation was not satisfactory to him, but you continued to ignore his calls as well as all his communications and at some point appeared to be working against your client by speaking to the Mediator in language seemingly unfavorable to your client.

In any event, when you sent Mr. Ashtiani the $11K, he again held the fund in a separate account and ended up writing you an e-mail (see Attachment 3) asking that you send him $35K in total and keep the rest. That meant you could sign it if Mr. Ashtiani got the $35K, otherwise you did not have any right to sign on his behalf. When you wired Mr. Ashtiani the $11K, that meant you had already signed the Mediation settlement prior to responding to his e-mail. Furthermore, this written request leaves $24K that you did not send him. Thus, as a fee dispute, you are not allowed to keep it and it should remain in the IALTA-account until it goes through the process (see supra).

It seems from what I gathered from Mr. Ashtiani's file that the Mediator has reported you to the State Bar and you have claimed that: "I have a call into the State Bar Ethics Hotline, but it is my belief Mr. Ashtiani waived the attorney [-] client privilege with regard to some prior communications. I can assure you I had authority from Mr. Ashtiani to sign the release on his behalf. After I hear back from the Ethics Hotline and am comfortable with such a disclosure, I will forward that communication to you. Until this matter is resolved by the Court, I will hold the proceeds your client deposited in my account in the IOLTA trust account." This is the e-mail you have sent to Mediator, Judge True.

If you did reach out to the State Bar and discuss this with the State Bar, Mr. Ashtiani ought to be informed as to how you have dealt with this fee dispute, if you have acted on this matter.

I would like to request that you show us these funds, $600K from the *Home Depot* Case and $45K from the *Applied Materials* Case, that are both in the IALTA account. Furthermore, I respectfully request that you either release these disputed fees or show us of any arrangement you have made to resolve the issues. This is my sincere attempt to work with your office to resolve this matter before taking any further legal action.